# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNETTE MALDONADO | : | Removed from the Court of |
| Plaintiff, | : | Common Pleas of Lackawanna |
| | : | County |
| v. | : | Civil Action No.: 2023-04122 |
| | : | |
| THE SALVATION ARMY | : | No.: |
| Defendant. | : | |
| | : | *Electronically filed.* |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:**

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant The Salvation Army hereby removes to this Court the case styled <u>Lynette Maldonado v. The Salvation Army</u>, Case No. 2023-04122, from the Court of Common Pleas of Lackawanna County to the United States District Court for the Middle District of Pennsylvania. As set forth below, the Court has jurisdiction, and The Salvation Army has satisfied the procedural requirements for removal.

### I. BACKGROUND

1. On September 21, 2023, Plaintiff Lynette Maldonado filed her Complaint in the Court of Common Pleas of Lackawanna County. The Salvation Army accepted service of the Complaint on October 3, 2023. A copy of the Summons and Complaint and all other process and papers served on The Salvation Army is attached hereto as **Exhibit A.**

2. Plaintiff's Complaint asserts a cause of action against The Salvation Army for unlawful discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. An. §§ 951-63.

3. Plaintiff's Complaint asserts that Plaintiff is seeking, amongst other things, "compensatory damages…, including damages for emotional pain, distress, suffering, inconvenience, loss of enjoyment of life, and humiliation[,]" as well as "reasonable attorneys' fees and costs[.]"

## II. THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

4. Pursuant to 28 U.S.C. § 1332, the "district courts shall have original jurisdiction of all civil actions" where (a) "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (b) the action "is between… citizens of different states." Here, both of these elements are met.

*A. The Amount in Controversy Exceeds $75,000.*

5. Plaintiff's Complaint requests "compensatory damages…, including damages for emotional pain, distress, suffering, inconvenience, loss of enjoyment of life, and humiliation[,]" as well as "reasonable attorneys' fees and costs[.]"

6. The determination of whether the jurisdictional amount in controversy has been met is "measured 'not… by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Riley v.

Avon Products, No. 3:07-CV-0887, 2007 WL 2458546, at *1 (M.D. Pa. Aug. 24, 2007) (*quoting* Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002)).

7. Here, Plaintiff's Complaint contains an open-ended *ad damnum* clause. Complaints containing an open-ended damages request, without evidentiary support of the amount of damages, must be "determined by a reasonable reading of the complaint." Riley, 2007 WL 2458546 at *2.

8. Remand is only appropriate where "it appears *to a legal certainty* that the plaintiff cannot recover the jurisdictional amount." Minissale v. State Farm Fire & Cas. Co., 988 F.Supp.2d 472, 475 (E.D. Pa. 2013) (emphasis added).

9. Jury verdicts and settlement values in claims concerning racial discrimination within the Third Circuit have fallen within range of $75,000. *See, e.g.*, S.B., Pro Ami v. Lacey Tp. Sch. Dist., 2021 WL 8154478 (N.J. Super.) (achieving $80,000 for settlement of racial discrimination claims); Smith v. Toys R Us, 2003 WL 26088403 (N.J. Super.) (achieving $71,000 for settlement of racial discrimination claims).

10. "Moreover, in calculating the amount in controversy, we must consider potential attorney's fees." Id. (*quoting* Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997)).

11. Attorney's fees are recoverable under the PHRA and are not capped

in Pennsylvania. 43 P.S. § 962(c.2); *see also* Hoy v. Angelone, 554 Pa. 134, 147, 720 A.2d 745, 751 (Pa.); Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 571 (3d Cir. 2002) (noting that "there is no cap under the PHRA").

12. Plaintiff's potential attorney's fees and costs have been accruing since at least September of 2022, when she first filed an administrative complaint with the Pennsylvania Human Relations Commission.

13. The Salvation Army denies that Plaintiff is entitled to any recovery; however, if this matter were to proceed to trial and Plaintiff were to prevail, her recovery could exceed $75,000.

14. Given the potential for compensatory damages and attorney's fees and costs in this case, the factfinder could legally award more than $75,000, and the amount in controversy requirement is met.

B. *This Action Is Between Citizens of Different States, and There Is Complete Diversity.*

15. Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).

16. As alleged in the Complaint, Plaintiff was, at the time of filing (and upon information and belief, still is), domiciled in Lackawanna County, Pennsylvania and is, therefore, a citizen of the commonwealth of Pennsylvania for diversity jurisdiction purposes. (*See* Complaint at ¶ 3).

17. At the time of filing this action, The Salvation Army was, and still is, a New York non-profit corporation. (*See* Id. at ¶ 4). "The citizenship of a corporation is both its state of incorporation and the state of its principal place of business." GBForefront, L.P. v. Forefront Management Group, LLC, 888 F.3d 29, 34 (3d Cir. 2018) (*citing* Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)).

18. The Salvation Army is a corporation incorporated under the laws of the state of New York with its principal place of business in West Nyack, New York. (*See* Complaint at ¶ 4). Thus, The Salvation Army is a New York citizen.

19. Accordingly, Plaintiff is a Pennsylvania citizen and The Salvation Army is a New York citizen, and complete diversity of citizenship exists among the parties to this action for purposes of 28 U.S.C. § 1332.

### III. THE SALVATION ARMY HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

20. This Notice of Removal is timely in that it is filed within 30 days from the date The Salvation Army accepted service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 458 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

21. In accordance with 28 U.S.C. § 1446(a), a copy of all process,

pleadings, and orders served upon The Salvation Army in the Court of Common Pleas of Lackawanna County is attached as **Exhibit A.**

22. The Salvation Army will promptly file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Lackawanna County and serve a copy on counsel for Plaintiff.

### IV.   CONCLUSION

23. For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied.

24. Thus, The Salvation Army asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.

MARSHALL DENNEHEY, P.C.

By: _____
Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
MJKozlowski@mdwcg.com