IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY, PENNSYLVANIA

| | |
|---|---|
| Lynette Maldonado,<br>　　　　Plaintiff<br><br>　　vs.<br><br>The Salvation Army,<br>　　　　Defendant | CIVIL DIVISION<br><br>No.<br><br>**COMPLAINT**<br><br>FILED ON BEHALF OF:<br>Plaintiff Lynette Maldonado<br><br>COUNSEL OF RECORD<br><br>Marielle Macher<br>Attorney I.D. # 318142<br>Community Justice Project<br>118 Locust Street<br>Harrisburg, PA 17101<br>717-236-9486, ext. 214 |

# EXHIBIT "A"

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northeastern Pennsylvania Legal Services
33 N. Main Street, Suite 200
Pittston, PA 18640
Telephone (570) 299-4100

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY, PENNSYLVANIA

| | |
|---|---|
| Lynette Maldonado,<br>   Plaintiff<br><br>  vs.<br><br>The Salvation Army,<br>   Defendant | CIVIL DIVISION<br><br>No.<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff Lynette Maldonado brings this complaint under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951–63, against Defendant The Salvation Army ("Salvation Army") based on Defendant's discrimination against her on the basis of national origin, ancestry, and race while she was shopping at its retail used goods store located in Scranton, Pennsylvania. Ms. Maldonado alleges as follows:

### JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendant.
2. Venue in this Court is proper because the events underlying this Complaint took place in Lackawanna County and Defendant regularly conducts business in Lackawanna County.

### PARTIES

3. Plaintiff Lynette Maldonado is an individual residing in Lackawanna County, Pennsylvania.

4. Defendant Salvation Army is a non-profit corporation organized in and under the laws of New York, with its principal place of business located in West Nyack, New York.

5. Defendant Salvation Army owns, operates, and manages a retail used goods store located at 1155 River St., Scranton, PA 18505 (the "Store").

6. The Store sells retail goods and is open to, solicits business from, and accepts the patronage of the general public.

7. The Store is a "public accommodation, resort, or amusement" within the meaning of the PHRA.

## ADMINISTRATIVE EXHAUSTION

8. On or around September 7, 2022, Plaintiff filed an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC").

9. On September 8, 2023, the PHRC issued a one-year letter to Plaintiff Ms. Maldonado, giving her the right to file in the Court of Common Pleas under 43 Pa. Stat. Ann. § 962(c).

10. Plaintiff Ms. Maldonado has therefore exhausted her administrative remedies.

## FACTUAL BACKGROUND

11. Plaintiff Ms. Maldonado is a United States citizen from Puerto Rico who identifies as Hispanic.

12. Plaintiff Ms. Maldonado speaks Spanish as her primary language and has limited English proficiency.

13. Until in or around May 2022, Plaintiff Ms. Maldonado visited Defendant's Store on a recurring basis.

14. On or around May 2, 2022, Plaintiff Ms. Maldonado visited Defendant's Store to buy an exercise bike.

15. Plaintiff Ms. Maldonado selected one of the exercise bikes at the Store, but she was unable to carry it out herself, so she asked a Store employee ("Store Employee 1") for assistance bringing the bike outside—a courtesy that other Store employees had done for her regularly in the past.

16. Store Employee 1 went to ask other employees about carrying out the exercise bike.

17. In the meantime, Plaintiff Ms. Maldonado paid for the exercise bike at the cash register, where two other Store employees were working.

18. After Plaintiff Ms. Maldonado paid, one of the two employees in the cash register area ("Store Employee 2") told her that it would not be possible for a Store employee to bring the exercise bike outside for her.

19. As Plaintiff Ms. Maldonado had no way to get the exercise bike outside on her own, she requested a refund, doing her best to communicate her refund request in a combination of her limited English, Spanish, and gestures.

20. Store Employee 2 refused to provide Plaintiff Ms. Maldonado with a refund and appeared frustrated by the request.

21. The second employee in the cash register area ("Store Employee 3") overheard Plaintiff Ms. Maldonado's refund request and suddenly became hostile and belligerent towards her.

22. A Hispanic bystander, who was also shopping at the Store at the same time, noticed Store Employee 3's increasingly hostile treatment towards Plaintiff Ms. Maldonado and went over and began recording the interaction on her cell phone. The first

bystander's Hispanic, elderly mother also joined to observe the interaction as a second bystander.

23. As the first bystander began recording on her phone, Plaintiff Ms. Maldonado attempted to explain to Store Employee 3 that she does not speak English.

24. Store Employee 3 responded with a discriminatory disparagement of Plaintiff Ms. Maldonado, insisting to her, "You speak English when you have to, right?"

25. The first bystander and/or her mother tried to clarify to Store Employee 3 that Plaintiff Ms. Maldonado does not speak English.

26. Moments later, Store Employee 3 demanded that Plaintiff Ms. Maldonado leave the Store, telling her to "take [her] money, and do not come back. If you come back, I will tell you to leave."

27. Plaintiff Ms. Maldonado mentioned something about calling the police. In response, Store Employee 3 threatened, without any apparent lawful basis, to call the police on Plaintiff Ms. Maldonado.

28. Store Employee 3 then belligerently accused Plaintiff Ms. Maldonado and the bystanders of "threatening" him and insisted "I am a citizen of the United States. Do not threaten me."

29. Store Employee 3's accusation that Plaintiff Ms. Maldonado and the bystanders were threatening him was untrue—the first bystander's recording does not show any apparent threats of force or violence by Plaintiff Ms. Maldonado or the bystanders.

30. Soon after, Store Employee 3 demanded that Plaintiff Ms. Maldonado and both bystanders leave the Store.

31. Store Employee 3's insinuated message was clear—on information and belief, he believed, based on Plaintiff Ms. Maldonado's and/or the bystanders' Hispanic national origin, ancestry, and/or race, that he alone was a citizen of the United States, and that this, in his view, granted him superior rights over Plaintiff Ms. Maldonado and the bystanders.

32. At that point, one of the bystanders attempted to clarify that she was not even together with Plaintiff Ms. Maldonado.

33. Nonetheless, Store Employee 3 called security, and Plaintiff Ms. Maldonado and both bystanders all had to leave the Store.

34. Other Store patrons gathered to watch as Defendant expelled Plaintiff Ms. Maldonado and the bystanders from the Store, causing great humiliation and embarrassment to Plaintiff Ms. Maldonado.

35. Defendant had no legitimate basis for expelling Plaintiff Ms. Maldonado from the Store. On information and belief, the expulsion was instead based on Store Employee 3's racist, discriminatory belief that Plaintiff Ms. Maldonado and the bystanders, as Hispanic patrons, were not citizens, and therefore, in his view, could be expelled at his will.

36. Defendant's actions denied Plaintiff Ms. Maldonado the accommodations, advantages, facilities, and privileges of the Store based on her and/or the bystanders' national origin, ancestry, and race, in violation of the PHRA.

37. As a result of Defendant's discrimination, Plaintiff Ms. Maldonado fears returning to shopping at Defendant's Store.

## COUNT ONE

### Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951–63

38. The allegations set forth in the foregoing paragraphs are incorporated herein by reference.

39. Defendant Salvation Army, by and through its employee(s), engaged in unlawful discrimination against Plaintiff on the bases of national origin, ancestry, and race in refusing, withholding, and/or denying her the accommodations, advantages, facilities, and privileges that the Store provides to other customers, in violation of 43 Pa. Stat. Ann. § 955(i)(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Ms. Maldonado respectfully seeks the following relief:

a) Grant a permanent injunction enjoining Defendant from discriminating against patrons on the basis of national origin, ancestry, and race via refusing, withholding, or denying the accommodations, facilities, and privileges that the Store provides to other customers;

b) Grant such further injunctive relief as necessary to prevent Defendant from engaging in future unlawful discrimination at the Store, including but not limited to anti-bias and anti-discrimination training of Defendant's employees;

c) Order Defendant to make Plaintiff whole by awarding compensatory damages to Plaintiff, including damages for emotional pain, distress, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

d) Award Plaintiff's reasonable attorneys' fees and costs; and

e) Grant such other and further relief as this Court deems just and proper.

Date: Sept. 21, 2023

Respectfully Submitted,

_____
Marielle Macher (Pa Bar No.: 318142)
Community Justice Project
118 Locust St.
Harrisburg, PA 17101
717-346-9486, ext. 214 (phone)
717-233-4088 (fax)
mmacher@cjplaw.org

*Attorney for Plaintiff*

## VERIFICATION

I hereby verify that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification of authorities.

9/11/2023

(Date Signed)

Lynette Maldonado

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY, PENNSYLVANIA

Lynette Maldonado,
    Plaintiff

vs.

                    CIVIL DIVISION

                      No. 23-cv-4122

The Salvation Army,
    Defendant

## ACCEPTANCE OF SERVICE

I accept service of the Complaint in the above-referenced lawsuit on behalf of Defendant The Salvation Army and certify that I am authorized to do so.

_____
Mark J. Kozlowski, Esq.
Marshall Dennehey
P.O Box 3118
Scranton, PA 18505
*Attorney for The Salvation Army*

10/3/2023
Date