IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNETTE MALDONADO | : | Removed from the Court of |
| Plaintiff, | : | Common Pleas of Lackawanna |
| | : | County |
| v. | : | Civil Action No.: 2023-04122 |
| | : | |
| THE SALVATION ARMY | : | No.: 3:23-01800 DFB |
| Defendant. | : | |
| | : | *Electronically filed.* |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Salvation Army, through its attorneys, Marshall Dennehey, hereby file its answer Answer and Affirmative Defenses to Plaintiff's Complaint, and states as follows:

### JURISDICTION AND VENUE

1. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendant admits that the Court has personal and subject matter jurisdiction over the parties to this action.

2. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the factual averments are denied and strict proof is demanded. However, Defendant admits that venue is proper in the United States District Court for the Middle District of Pennsylvania.

### PARTIES

3. Upon information, admitted.

4. Admitted.

5. Admitted.

6. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the factual averments are admitted.

7. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## ADMINISTRATIVE EXHAUSTION

8. Admitted.

9. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, it is admitted that Plaintiff received a "one-year letter" from the PHRC on or about September 8, 2023.

10. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## FACTUAL BACKGROUND

11. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

12. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

13. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

14. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

15. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

16. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

17. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

18. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

19. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

20. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

21. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

22. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

23. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

24. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

25. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

26. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

27. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

28. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

29. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

30. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

31. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

32. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

33. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

34. After reasonable investigation, Defendant is unable to either admit or deny the averments of this paragraph. To the extent a response is required, the averments are denied and strict proof is demanded at trial.

35. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

36. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

37. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

## COUNT ONE

**Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. §§ 951-63**

38. Defendant incorporates by reference the Answer to the allegations against it in the proceeding paragraphs as fully as though each were set forth herein at length.

39.     The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied and strict proof is demanded.

**WHEREFORE**, Defendant, Salvation Army, denies the allegations against it and respectfully demands judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

2.      Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations related to Pennsylvania Human Relations Act.

3.      All actions taken by Defendant were proper, lawful, correct, and in full accord with applicable statutes, regulations, customs, laws and usages.

4.      Plaintiff sustained no cognizable injury pursuant to 43 Pa. Stat. Ann. §§ 951-63.

5.      If Plaintiff's allegations of fact, all of which are expressly denied, are proven to be true at trial, then Defendant acted unintentionally and with insufficient culpability to state a cause of action under any federal or Commonwealth statute(s).

6.      At all times relevant to the above-captioned matter, Defendant acted without malice and in good faith, with a reasonable justification or belief in the

legality, lawfulness and propriety of its actions, and its actions were reasonable and appropriate considering all of the circumstances.

7. Defendant's actions were reasonable and nondiscriminatory given the circumstances existing during the time period described in Plaintiff's Complaint; therefore, the actions and conduct of Defendant were justified, appropriate, and in accordance with all applicable anti-discrimination statutes.

8. Plaintiff's claims may be barred, in whole or in part, by her failure to exhaust any and all available administrative remedies.

**WHEREFORE**, Defendant, Salvation Army, denies the allegations against it and respectfully demands judgment in its favor and against Plaintiff.

MARSHALL DENNEHEY, P.C.

By:_____
Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676
Jordan L. Mazzoni, Esquire
Attorney I.D. No:  324889
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
JLMazzoni@mdwcg.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYNETTE MALDONADO | : | Removed from the Court of |
| Plaintiff, | : | Common Pleas of Lackawanna |
| | : | County |
| v. | : | Civil Action No.: 2023-04122 |
| | : | |
| THE SALVATION ARMY | : | No.:   3:23-01800 DFB |
| Defendant. | : | |
| | : | *Electronically filed.* |

## CERTIFICATE OF SERVICE

I, Jordan L. Mazzoni, Esquire, hereby certify that on October 31, 2023, I served a true and correct copy of Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses via CM/ECF, upon the following:

Marielle Macher
Community Justice Project
118 Locust Street
Harrisburg, PA  17101

MARSHALL DENNEHEY, P.C.

By:_____
Mark J. Kozlowski, Esquire
Attorney I.D. No:  PA 308676
Jordan L. Mazzoni, Esquire
Attorney I.D. No:  324889
P.O. Box 3118
Scranton, PA  18505-3118
(570) 496-4600
JLMazzoni@mdwcg.com